**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ALERIS ROLLED PRODUCTS, INC.,** | ) | **CASE NO. 1:19CV1959** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **SECO/WARWICK CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #10) of Defendant Seco/Warwick Corporation to Dismiss Complaint of Aleris Rolled Products, Inc. For the following reasons, the Motion is granted in part and the above-captioned action is stayed and removed from the active docket. Pursuant to this ruling, Defendant's Motion (ECF DKT #20) to Allow Supplemental Briefing and the Joint Motion (ECF DKT #22) for Protective Order are denied as moot.

## I. FACTUAL BACKGROUND

Plaintiff owns real property and an aluminum manufacturing facility in Lewisport, Kentucky. In 2015, Plaintiff sought to expand its rolled aluminum manufacturing capability.

Defendant was one of the contractors involved in the project and Defendant was hired to modify and upgrade two tunnel furnaces at Plaintiff's facility.

Plaintiff and Defendant negotiated a contract which included a mandatory forum selection clause. The clause provided that the U.S. District Court for the Northern District of Ohio would have exclusive jurisdiction over any action arising out of or relating to the parties' contract. The contract also included an indemnification clause. Defendant agreed to indemnify Plaintiff for any third-party claims, including damages from subcontractors' negligence and/or failure to comply with applicable laws, as well as subcontractors' claims for nonpayment.

After the project was completed, a fee dispute arose between Plaintiff and Defendant. Following significant negotiations, the parties reached a settlement which was executed on January 12, 2018. Plaintiff provided a monetary settlement, carving out an exception for the amount of a disputed lien filed by Defendant's subcontractor, Mid-South Industrial, Inc. ("MSI"). Defendant accepted the monetary figure in full and final payment of amounts due and owing under the contract and waived the right to assert any claims for additional compensation, damages or costs, except for any claims related to MSI's performance on the project. Defendant also reaffirmed its indemnification obligations, with the exception of the MSI lien.

On July 31, 2018, Defendant filed an action against Plaintiff and MSI in Kentucky state court. On August 7, 2018, Defendant filed an Amended Complaint for breach of contract, unjust enrichment, promissory estoppel, account stated and foreclosure of mechanic's lien.

On October 15, 2018, Plaintiff moved to dismiss the Amended Complaint, contending the Amended Complaint was filed in the improper forum and failed to state a claim upon which relief could be granted.

On March 18, 2019, the Kentucky court denied the Motion to Dismiss and found that issues weighed against dismissal based on improper venue.

Plaintiff filed a Motion for Reconsideration which was denied on August 1, 2019.

Plaintiff filed a Notice of Appeal in the Commonwealth of Kentucky Court of Appeals on August 5, 2019. On August 26, 2019, the Commonwealth of Kentucky Court of Appeals issued a Show Cause Order requiring Plaintiff to show cause why its appeal should not be dismissed as interlocutory.

Also on August 26, 2019, Plaintiff filed the instant Complaint based upon diversity jurisdiction and seeking Declaratory Judgment and alleging Breach of Contract.

On November 19, 2019, the Commonwealth of Kentucky Court of Appeals dismissed Plaintiff's Appeal.

The matter is now before this Court upon Defendant's Motion (ECF DKT #10) to Dismiss the Complaint of Aleris Rolled Products, Inc., arguing *forum non conveniens,* or alternatively, seeking a stay pending resolution of the first-filed Kentucky state action.

## II. LAW AND ANALYSIS

**Abstention**

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992). In certain exceptional circumstances, a federal court may abstain from deciding a federal action in deference to a pending state

proceeding. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). "*Colorado River* abstention is a doctrine of judicial economy which derives from principles of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *GMBB, Inc. v. Travelers Indemnity Company*, 100 F.Supp.2d 465, 472 (E.D. Mich. 2000), quoting *Colorado River*, 424 U.S. at 817. Its purpose is "to avoid duplicative litigation." *Id*.

The Court should first determine whether a parallel state court proceeding is currently pending. *Romine v. Compuserve Corp.*, 160 F.3d 337, 339-40 (6th Cir. 1998); *Baskin v. Bath Twn'p Bd. of Zoning Appeals*, 15 F.3d 569, 571-72 (6th Cir. 1994). The concept of "parallel" means the state court suit is currently filed in the state courts and the state courts are able to provide complete relief to the plaintiff. *Baskin, id.*

Once that determination is satisfied, the Court must carefully balance a number of important factors, giving due weight in favor of exercising federal jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). The factors to be considered before invoking the *Colorado River* doctrine are: (1) whether either court has assumed jurisdiction over any *res* or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law provides the basis for the decision in the case; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Colorado River*, 424 U.S. at 818-819; *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 22, 23, 26; *Baskin*, 15 F.3d at 571.

Upon consideration of the relevant facts, the Court determines that a majority of the abstention-related factors are met. This action involves the same legal and factual issues, *i.e.*, the same parties, property and contracts as the case pending in Kentucky state court.

The Commonwealth of Kentucky state court has assumed jurisdiction over the real property in Hancock County, Kentucky, which is the subject of MSI's mechanic's lien claim. MSI is not a named party to this federal action. Kentucky statutory law mandates that an action to foreclose a mechanic's lien on private property must be brought in the county in which the subject of the action is situated. Thus, relief under the mechanic's lien claim is only available in Kentucky state court.

The Court finds that the state court in Kentucky is quite capable of applying Ohio law to consideration of the breach of contract/ breach of settlement agreement claims. The rights of the federal court Plaintiff, Aleris Rolled Products, Inc., will be adequately protected in Kentucky.

The Kentucky state lawsuit has been pending since July of 2018. The Kentucky trial and appellate level courts have already issued several orders addressing Plaintiff's choice-of-law and forum selection clause arguments. Hearing the non-mechanic's lien claims in federal court in Ohio would create disfavored piecemeal litigation. Moreover, if the instant case continues, there is a potential risk of conflicting rulings.

"[A]bstaining under these circumstances affords the [Kentucky] courts the respect they are due as our equals in a federalist judicial system." *Gottfried v. Medical Planning Services, Inc.*, 142 F.3d 326, 332 (6th Cir. 1998), citing *Juidice v. Vail*, 430 U.S. 327, 335-36 (1977).

The principles of fairness, comity and judicial economy compel the Court to defer to the Hancock Circuit Court proceeding in the Commonwealth of Kentucky.

### III. CONCLUSION

For these reasons, the Court grants in part the Motion (ECF DKT #10) of Defendant Seco/Warwick Corporation to Dismiss Complaint of Aleris Rolled Products, Inc. The Complaint sets forth two Breach of Contract counts seeking damages, fees and costs. Because the United States Supreme Court has held that "[u]nder our precedents, federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary," the above-captioned case is more appropriately stayed and removed from the active docket. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996).

In accordance with this Opinion, moreover, Defendant's Motion (ECF DKT #20) to Allow Supplemental Briefing and the Joint Motion (ECF DKT #22) for Protective Order are denied as moot.

**IT IS SO ORDERED.**

**DATE: February 3, 2020**

**s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**
