UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ALERIS ROLLED PRODUCTS, INC.,** | ) | **CASE NO. 1:19CV1959** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **SECO/WARWICK CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #26) of Plaintiff Aleris Rolled Products, Inc. for Reconsideration or alternatively, to Lift Stay. For the following reasons, the Motion is denied.

**I. BACKGROUND**

Plaintiff owns real property and an aluminum manufacturing facility in Lewisport, Kentucky. In 2015, Plaintiff sought to expand its rolled aluminum manufacturing capability. Defendant was one of the contractors involved in the project and Defendant was hired to modify and upgrade two tunnel furnaces at Plaintiff's facility.

Plaintiff and Defendant negotiated a contract which included a mandatory forum

selection clause. The clause provided that the U.S. District Court for the Northern District of Ohio would have exclusive jurisdiction over any action arising out of or relating to the parties' contract. The contract also included an indemnification clause. Defendant agreed to indemnify Plaintiff for any third-party claims, including damages from subcontractors' negligence and/or failure to comply with applicable laws, as well as subcontractors' claims for nonpayment.

After the project was completed, a fee dispute arose between Plaintiff and Defendant. Following significant negotiations, the parties reached a settlement which was executed on January 12, 2018. Plaintiff provided a monetary settlement, carving out an exception for the amount of a disputed lien filed by Defendant's subcontractor, Mid-South Industrial, Inc. ("MSI"). Defendant accepted the monetary figure in full and final payment of amounts due and owing under the contract and waived the right to assert any claims for additional compensation, damages or costs, except for any claims related to MSI's performance on the project. Defendant also reaffirmed its indemnification obligations, with the exception of the MSI lien.

On July 31, 2018, Defendant filed an action against Plaintiff and MSI in Kentucky state court. On August 7, 2018, Defendant filed an Amended Complaint for Breach of Contract, Unjust Enrichment, Promissory Estoppel, Account Stated and Foreclosure of Mechanic's Lien.

On October 15, 2018, Plaintiff moved to dismiss the Amended Complaint, contending the Amended Complaint was filed in the improper forum and failed to state a claim upon which relief could be granted.

On March 18, 2019, the Kentucky court denied the Motion to Dismiss and found that issues weighed against dismissal based upon improper venue.

Plaintiff filed a Motion for Reconsideration which was denied on August 1, 2019.

Plaintiff filed a Notice of Appeal in the Commonwealth of Kentucky Court of Appeals on August 5, 2019.  On August 26, 2019, the Commonwealth of Kentucky Court of Appeals issued a Show Cause Order requiring Plaintiff to show cause why its appeal should not be dismissed as interlocutory.

Also on August 26, 2019, Plaintiff filed the instant Complaint based upon diversity jurisdiction and seeking Declaratory Judgment and alleging Breach of Contract.

On November 19, 2019, the Commonwealth of Kentucky Court of Appeals dismissed Plaintiff's Appeal.

On September 24, 2019, Defendant filed a Motion (ECF DKT #10) to Dismiss the Complaint of Aleris Rolled Products, Inc., arguing *forum non conveniens* or alternatively, seeking a stay pending resolution of the first-filed Kentucky state action.

On February 3, 2020, upon consideration of the relevant facts and the principles of fairness, comity and judicial economy, the Court decided to abstain, defer to the Hancock Circuit Court proceeding in the Commonwealth of Kentucky and stay the above-captioned case.  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

On February 13, 2020, Plaintiff filed the instant Motion for Reconsideration.  Plaintiff argues that the Court has an unflagging obligation to exercise jurisdiction especially over basic contract actions such as this.  Plaintiff also contends that the Kentucky state court is incapable or unwilling to apply Ohio law.  Plaintiff insists that because it has not been fully

<05_28_20 4 of 7 PageID #: 947"></05_28_20>

heard on the abstention doctrine, and because its rights have been flagrantly disregarded in the Kentucky courts, reconsideration is necessary to prevent a manifest injustice.

## II. LAW AND ANALYSIS

**Motion to Reconsider**

"District courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F.App'x 949, 952 (6th Cir. 2004). *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"). "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez*, 89 F.App'x at 959. However, reconsideration is disfavored:

> Although motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal, they are extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged. To be sure, a court can always take a second look at a prior decision; but it need not and should not do so in the vast majority of instances, especially where such motions merely restyle or re-hash the initial issues.

*McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F.Supp. 1182, 1184 (N.D.Ohio 1996) (internal citations and quotations omitted).

Motions for reconsideration "serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice." *Boler Co. v. Watson & Chalin Mfg. Inc.*, 372

F.Supp.2d 1013, 1024-25 (N.D.Ohio 2004), quoting *General Truck Drivers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999) (Clay, J. dissenting), *cert. denied*, 528 U.S. 1137 (2000).

Plaintiff does not contend that there has been any change in controlling law nor that new evidence has become available nor that the Court has made a clear error of law. Rather, Plaintiff insists that the Court must reconsider its decision to abstain pursuant to the *Colorado River* doctrine in order to prevent manifest injustice.

The Court finds that Plaintiff's position is without merit.

Abstention from the exercise of federal jurisdiction may be raised *sua sponte* by the Court. *See Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *see also Louisiana Power & Light v. Thibodaux*, 360 U.S. 25 (1959) (upholding District Court's decision to stay proceedings upon its own motion).

The Court thoughtfully considered the *Colorado River* factors and applied them to the facts of the instant matter. As the Court noted in its Opinion and Order (ECF DKT #25): "*Colorado River* abstention is a doctrine of judicial economy which derives from principles of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *GMBB, Inc. v. Travelers Indemnity Company*, 100 F.Supp.2d 465, 472 (E.D. Mich. 2000), quoting *Colorado River*, 424 U.S. at 817. Its purpose is "to avoid duplicative litigation." *Id*.

Analyzing this action and the parallel Kentucky state court action, the Court took into account the following factors: (1) whether either court has assumed jurisdiction over any *res* or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of

piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law provides the basis for the decision in the case; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Colorado River*, 424 U.S. at 818-819.

Since Plaintiff is merely expressing dissatisfaction or disagreement with this Court's determination and the Kentucky state court rulings, re-visiting the Court's prior analysis is not appropriate.

By Plaintiff's own reckoning, the within case sounds in ordinary contract law; so, the federal court is in no more superior position than the Hancock Circuit Court of the Commonwealth of Kentucky.

The Court remains convinced that abstaining from this case serves to avoid piecemeal litigation as well as the hazard of conflicting rulings.

The state tribunal's denial of a motion to dismiss, about which Plaintiff complains, is not the equivalent of "flagrant disregard" of Plaintiff's rights.

This Court abstained and stayed this matter, rather than dismissing it. Plaintiff has not suffered a manifest injustice; and, if appropriate, Plaintiff may move for re-opening to pursue any damages claims that were not addressed in the Kentucky state court.

### III. CONCLUSION

Therefore, the Court holds that the action in the Hancock Circuit Court of the Commonwealth of Kentucky adequately protects Plaintiff Aleris Rolled Products, Inc.'s rights; and moreover, the Kentucky state court is uniquely empowered to resolve the

mechanic's lien enforcement issue before it.  Upon reconsideration, the Court adheres to its prior ruling.  The Motion (ECF DKT #26) of Plaintiff Aleris Rolled Products, Inc. for Reconsideration or alternatively, to Lift Stay is denied.

**IT IS SO ORDERED.**

**DATE: May 28, 2020**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**